| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>Rex J. Roldan, Esquire (RR7961)<br>Washington Professional Campus<br>900 Route 168, Suite I-4<br>Turnersville, New Jersey 08012<br>(856) 232-1425   Fax (856) 232-1025<br>Attorney for Debtors | Order Filed on December 27, 2018 by Clerk U.S. Bankruptcy Court District of New Jersey |
| In Re:<br><br>MICHAEL J. CAMILLI and ANNEMARIE T. CAMILLI | Case No.: 18-20667 (JNP)<br><br>Hearing Date: December 27, 2018<br><br>Chapter  13<br><br>Judge: Jerrold N. Poslusny, Jr. |

### ORDER AUTHORIZING
### SALE OF REAL PROPERTY

The relief set forth on the following pages, numbered two (2) and three (3) is hereby **ORDERED**.

**DATED: December 27, 2018**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

**Page 2**

After review of the Debtor's motion for authorization to sell the real property commonly known as 117 Fernshire Court, Wenonah, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtors' attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. The amount of **$1,780.00** claimed as exempt may be paid to the Debtor.

6. The balance of proceeds must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Title shall be conveyed by both Debtors and Trustee.

10. The aforesaid motion or application is conditionally approved so long as Wells Fargo Bank, N.A. is paid in full out of the proceeds of the sale, pursuant to a valid payoff, requested by Debtors and provided by the Secured Creditor prior to the closing date.

11. Wells Fargo Bank, N.A. shall receive the full payoff, as determined by a current payoff statement, within 48 hours of closing and that the Payoff Statement cannot be expired at the time of the closing.

12. Any proposed short sale is first approved by Respondent and if such sale will be taking place after the imposed deadline as outlined by Secured Creditor, a new approval will be required prior to the sale.

**Page 3**

13.     The successful party shall serve this order on the debtor, any trustee and all parties who entered an appearance on this matter.